HERMINIA RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 866.   Submitted May 24, 1932.—Decided July 29, 1932.

*Luis Ríos Algarín* for appellant.   The registrar did not appear.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On July 2, 1924, Herminia Rodríguez acquired a lot on which she claims to have constructed a one-story house with an annex consisting of a two-story structure devoted to garage and servant quarters. On September 24, 1927, the appellant was married in the city of New York, United States of America, to Onofre Salvá, the man who is now her husband. Afterwards she came back to Puerto Rico, and on March 21, 1932, she executed a deed of construction (*acta de edificación*) before Notary Luis Ríos Algarín and presented the same to the respondent registrar requesting that the buildings in question be recorded as the separate property of the appellant acquired while she was unmarried. The appellant states that said buildings were constructed during November and

December, 1926. The registrar admitted the deed to record in the following note:

"The preceding document has been recorded on the back of folio 238, volume 64 of Río Piedras, property No. 2724, second inscription, with the curable defect that Onofre Salvá did not consent to the recording of the buildings as the separate property of his wife Herminia Rodríguez.—Said lot and buildings are free of encumbrances. —San Juan, P. R., April 26, 1932. (Signed) F. de la Torre.—Acting Registrar."

The appellant claims that the respondent registrar erred, because the consent of the husband is not necessary for the recording of such properties as she acquired before marriage.

As we have seen, in recording the house with a curable defect the registrar did not take as a basis that the separate character of the property had not been shown, but only that the husband's consent was not given. Such a consent is not necessary where the property really belongs to the separate estate. In this appeal we are bound to consider only the questions set forth in the decision appealed from. The registrar was asked to record the property in the name of Herminia Rodríguez, and he did so, pointing out as the only defect that the consent of the appellant's husband had not been given. As this is the only reason stated in the decision appealed from, we hold that the failure of the husband to consent constitutes no defect at all where the estate is really separate property.

The decision of the registrar must be reversed.